## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER CURRY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0614**  (BOR Appeal No. 2050072)
               (Claim No. 2013020625)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Curry, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2015, in which the Board affirmed a December 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 22, 2014, decision closing Mr. Curry's claim for temporary total disability benefits. Additionally, the Office of Judges affirmed the claims administrator's May 12, 2014, decision denying a request for authorization of a thoracic spine MRI. Finally, the Office of Judges affirmed the claims administrator's June 17, 2014, decision denying a request to add sciatica/radiculopathy and a moderate broad-based disc protrusion at L5-S1 as additional compensable diagnoses. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Curry sustained a back injury on February 4, 2013, while transporting large buckets of chemicals during the course of his employment with Eastern Associated Coal, LLC. On the date of injury, he was transported to Boone Memorial Hospital's emergency department. A

1

lumbar spine MRI was performed and revealed the presence of degenerative changes. Mr. Curry was diagnosed with a lumbar sprain before being discharged from the emergency department. On February 12, 2013, the claims administrator held Mr. Curry's claim for workers' compensation benefits compensable for a lumbar sprain and retroactively authorized temporary total disability benefits with an onset date of February 5, 2013. Following complaints of lumbar spine pain, a second lumbar spine MRI was performed on February 22, 2013, and revealed degenerative changes, mild to moderate facet osteoarthritis, and a small to moderate disc protrusion at L5-S1.

On March 14, 2013, Mr. Curry sought treatment with Jennifer Hensley, M.D., who noted that Mr. Curry was complaining of lower back pain and thoracic pain with numbness and tingling in the lower extremities. She diagnosed Mr. Curry with a lumbar sprain, a thoracic sprain, lumbosacral neuritis, and a lumbar disc displacement. On March 20, 2013, Rida Mazagri, M.D., performed a neurosurgical consultation. Dr. Mazagri opined that Mr. Curry's ongoing back pain is most likely related to multilevel degenerative disc disease and opined that surgical intervention is not presently warranted.

Saghir Mir, M.D., performed an independent medical evaluation. By his report dated May 1, 2013, Dr. Mir indicated that he reviewed Mr. Curry's medical record and noted that Mr. Curry began treatment with neurologist Samir Nasher, M.D., on January 18, 2011, for severe lower back pain with radiation into both legs. Dr. Mir further noted that Dr. Nasher was continuing to treat Mr. Curry at the time of the February 4, 2013, injury, with Mr. Curry reporting to Dr. Nasher on January 28, 2013, that he was experiencing pain in both scapular areas and lower back pain with radiation into both legs. Dr. Mir diagnosed Mr. Curry with a history of chronic lower back pain, a left S1 nerve root irritation due to a disc protrusion at L5-S1, and a lumbosacral strain.

Finally Bruce Guberman, M.D., performed an independent medical evaluation of Mr. Curry. By his report dated March 10, 2014, Dr. Guberman diagnosed Mr. Curry with a lumbosacral strain superimposed on pre-existing degenerative changes. Dr. Guberman further stated that based upon his examination, it is unlikely that Mr. Curry suffers from lumbar radiculopathy. Dr. Guberman then opined that Mr. Curry has reached maximum medical improvement.

On April 22, 2014, the claims administrator closed Mr. Curry's claim for temporary total disability benefits. On May 12, 2014, the claims administrator denied a request for authorization of a thoracic spine MRI. On June 17, 2014, the claims administrator denied a request to add sciatica/radiculopathy and a moderate broad-based disc protrusion at L5-S1 as compensable components of Mr. Curry's claim. The Office of Judges affirmed all three claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2015. On appeal, Mr. Curry asserts that the evidence of record demonstrates that he developed sciatica/radiculopathy and a broad-based disc protrusion at L5-S1 as a result of the February 4, 2013, injury and that he is therefore entitled to authorization of the requested thoracic spine MRI as well as additional temporary total disability benefits.

Regarding the closure of Mr. Curry's claim for temporary total disability benefits, the Office of Judges looked to the language of West Virginia Code § 23-4-7a (2005), which provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges noted that Dr. Guberman determined that Mr. Curry reached maximum medical improvement on March 10, 2014, and concluded that he was no longer eligible for temporary total disability benefits after that date pursuant to the provisions of West Virginia Code § 23-4-7a. Regarding the denial of the request for authorization of a thoracic spine MRI, the Office of Judges found that the thoracic spine is not a compensable body part with respect to the instant claim and, therefore, determined that the claims administrator properly rejected this request.

Regarding the request to add sciatica/radiculopathy and an L5-S1 disc protrusion as compensable components of the claim, the Office of Judges found that the evidence of record demonstrates that Mr. Curry was being treated by a neurologist for lower back pain with radicular symptoms at the time of the compensable injury. Finally, the Office of Judges determined that the evidence of record demonstrates that the diagnoses of sciatica/radiculopathy and an L5-S1 disc protrusion predate the compensable injury and, therefore, should not be added as compensable components of Mr. Curry's claim. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 5, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II